# WHEELING.

## HOFFMAN *v.* SHIELDS.

### July 17, 1874.

H. executes a deed of trust conveying real estate to indemnify two sureties of the the grantor in an injunction bond. A sale is made by the trustee, and the property bought by one of the sureties, Subsequently H. files a bill against the purchaser to have the sale canceled and the property reconveyed to himself, on the ground that there was nothing due from him at the time of the sale, and that the surety's claims against the grantor were the result of fraudulent transactions; no charges were made against the trustee, and no relief sought against him.—HELD :

That the other surety in the injunction bond is a necessary party, but that the trustee is not.

Appeal, by William H. Shields, from a decree of the circuit court of Taylor county, rendered on the 28th day of September, 1867, in a suit pending in said court between said Shields, as respondent, and Thomas A. Hoffman, complainant; and also from a decree in the same suit, on a motion to set aside and reverse the said decree of September 28, 1867, entered on the 2d day of October, 1871. The record is very voluminous, but it is not deem necessary to set forth the facts therein contained, as the material facts will be found in the opinion of the Court.

The Hon. John A. Dille, judge of said circuit court, at the date of the rendition of said decrees, presided at the hearing below.

There was no appearance for the appellant.

*Edwin Maxwell* for the appellee.

PAULL, JUDGE:

1874.
June Term.

Hoffman
v.
Shields.

A bill was filed by the plaintiff Hoffman, in the above cause, to set aside two deeds of certain property, executed to the defendant Shields, by Adolphus Armstrong, to whom they had been conveyed, by plaintiff, in trust, to secure certain debts specified in the trust deeds, and also for purposes of indemnity. The property was sold by the trustee, at the instance of the defendant, and by him bought in at the time of the sale.

The plaintiff subsequently discovering, as he believed, that there was nothing due from him to the defendant, and that the making of the sale under the deeds of trust was procured as the result of fraudulent dealings, filed his bill to have the sales made by the trustee, and the deeds to defendant, executed in pursuance thereto, declared null and void, and to require the defendant to reconvey the land or property to himself, and for general relief. To this suit, defendant Shields is the sole party defendant. The bill was taken for confessed, and in September, 1867, the circuit court of Taylor county made a decree, cancelling the two deeds from the trustee to defendant Shields, for the trust property, and awarding the plaintiff a writ of possession.

Upon due notice given, the defendant in 1869, moved the circuit court of Taylor county, to reverse its former decree, on three separate grounds. *First*, because Armstrong, the trustee, was not a party to the suit ; *Second*, because Zadoc Shields, who is named in one of the deeds of trust, as designed to be indemnified with Wm. H. Shields, as a security of plaintiff in an injunction bond was not a party ; and, *Third*, because there was no reference to ascertain the state of accounts between the parties. The court below overruled the motion to reverse the former decree, and an appeal is now taken to this Court.

Upon the ground *first* assigned, we do not think the trustee is a necessary party, no charges being made

against him and no decree sought or could be had against him under the allegations of the bill. He has no interest in the suit—Story's Eq. Plead. sec. 231. It is true the suit is to set aside a sale made by said trustee, but the grounds are not laid in his conduct, but exclusively in that of the *cestui que trust*. Again, he has by deed conveyed all his interest in the subject matter of the suit and all his powers have ceased. In 1 Daniell's Ch. Pr., 293, it is said : "A trustee, however, who is named in the will, but has never acted, and has released all his interest to his co-trustee, ought not to be a party to a bill, to set aside the will on the ground of fraud." *Richardson v. Hulbert*, 1 Anst. 65.

It would not seem clear, however, that Zadoc Shields, one of the *cestuis que trust*, named in one of the deeds of trust, is not a necessary party. The bill was filed to set aside a sale made under a deed of trust executed for his benefit, as one of the sureties of the plaintiff. The bill alleges that the debt or liability for which he was bound in the injunction bond, had been discharged, and that Wm. H. Shields, at least, had been largely overpaid, and had been fully indemnified on account of his suretyship in said injunction bond. This was an inquiry in which Zadoc Shields had a personal interest. His was a *joint* liability with the other surety in said bond. It could not be apportioned ; the sale was made for the *joint* benefit ; when it is sought to set it aside, on the ground that there was nothing due on account of said liability, or that the sale was procured by fraud of the other surety, questions arise in which he has a personal interest, and their adjudication and settlement in his absence may prejudice his rights. If there are divers *cestuis que trust*, all of them should be made parties to a bill, touching the common interest. Story's Equity Pleadings, section 210.

As to the *third* ground of objection, that there was no reference to a commissioner to ascertain the state of accounts between these parties, there appears no necessity

for considering; for if the proper or necessary parties were not before the court, no further steps of any kind should have been taken until they were brought in.

The decree of the circuit court of Taylor county made on the 2nd day of October, 1871, overruling the defendant's motion to reverse the former decree, as well, as also the decree of said court, made on the 28th day of September, 1867, are hereby reversed with costs to the appellant, and this cause is remanded to the circuit court of Taylor county, with leave to the plaintiff to amend his bill, and to make additional parties, and for further proceedings.

Hoffman and Moore, Judges, concurred.

Haymond, President, did not sit at the hearing of this suit.

DECREES REVERSED AND SUIT REMANDED, WITH LEAVE TO AMEND.